IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE REYNOLDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT MOORE,<br>CORRECTIONAL OFFICERS<br>GOODLETT, CAROPRESO,<br>MACHUCA, PEREZ, ORNELAS,<br>SOTELLO, TOTTEN and WILSON,<br><br>　　　　Defendants. | No. C 06-4436 JSW (PR)<br><br>**ORDER OF SERVICE OF<br>EXCESSIVE FORCE CLAIM**<br><br>(Docket Nos. 2, 4) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, formerly incarcerated at Salinas Valley State Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights while incarcerated there. Plaintiff also seeks leave to proceed in forma pauperis (docket nos. 2, 4), which is GRANTED in a separate order filed simultaneously. The Court has reviewed Plaintiff's complaint and will order the claims regarding excessive force served as to the named Defendants.

## STATEMENT OF FACTS

Plaintiff alleges that on July 14, 2005, Sergeant Moore and Correctional Officers Goodlett, Caropreso, Machuca, Ornelas, Sotello, Totten, Wilson and Perez at Salinas Valley State Prison beat, stabbed and strangled him while he was prone and handcuffed in retaliation for his suspected involvement in a prior stabbing incident. Plaintiff seeks damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).  Plaintiff's allegations are sufficient to warrant a response.

2

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto and a copy of this order upon: **Defendants Sergeant Moore, Officers Goodlett, Caropreso, Machuca, Ornelas, Sotello, Totten, Wilson and Perez** of **Salinas Valley State Prison**. The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

   All papers filed with the Court shall be promptly served on the Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed. The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of

3

law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

   c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

4

1   Court informed of any change of address and must comply with the Court's orders in a
2   timely fashion. Failure to do so may result in the dismissal of this action for failure to
3   prosecute pursuant to Federal Rule of Civil Procedure 41(b).
4       IT IS SO ORDERED.
5   DATED: January 17, 2007

                                            JEFFREY S. WHITE
                                            United States District Judge